YOU HAVE ASKED FOR AN OPINION CONCERNING WHETHER A STATE AGENCY (THE UNIVERSITY CENTER AT TULSA) COULD CONSTRUCT A BUILDING TO BE USED AS A MAINTENANCE FACILITY ON REAL PROPERTY LEASED FROM A LOCAL PUBLIC TRUST. I HAVE SPOKEN TO TOM HILBORNE IN TULSA ABOUT THIS MATTER, WHO EITHER PROVIDE LEGAL COUNSEL TO THE LOCAL AUTHORITY OR TO THE UNIVERSITY CENTER. HE HAS INDICATED TO ME THAT AN INFORMAL OPINION FROM ME MIGHT SATISFY YOUR REQUEST FOR AN OPINION.
N YOUR LETTER YOU HAVE SPECIFICALLY RAISED THE POSSIBILITY THAT IF A STATE AGENCY BUILT AN IMPROVEMENT ON PROPERTY WHICH WAS NOT OWNED BY THAT AGENCY, SUCH AN ACTIVITY MAY CONSTITUTE AN UNCONSTITUTIONAL GIFT UNDER OKLA. CONST. ARTICLE X, SECTION 15. YOU HAVE ALSO INDICATED IN YOUR LETTER THAT PERHAPS NO CONSTITUTIONAL ISSUE WOULD BE RAISED BECAUSE BOTH GOVERNMENTAL ENTITIES ARE AGENCIES OF THE STATE OF OKLAHOMA. THERE IS NOT MUCH QUESTION THAT THE UNIVERSITY CENTER AT TULSA IS AN AGENCY OF THE STATE, WHICH WAS ESTABLISHED BY THE STATE REGENTS FOR HIGHER EDUCATION AND IS GOVERNED BY A STATUTORY BOARD OF TRUSTEES. 70 O.S. 4601 AND 70 O.S. 4604 (1990). WHILE IT IS TRUE THAT THE BOARD OF TRUSTEES OF THE LOCAL PUBLIC TRUST CONSTITUTE AN AGENCY OF THE STATE PURSUANT TO 60 O.S. 179 (1981), IT IS ALSO AN AGENCY OF ITS MUNICIPAL BENEFICIARY UNDER 60 O.S. 179.
THIS OFFICE HAS POINTED OUT IN SEVERAL OPINIONS OF THE ATTORNEY GENERAL IN THE LAST SEVERAL YEARS THAT PUBLIC TRUST ARE SEPARATE LEGAL ENTITIES APART FROM THEIR BENEFICIARIES. A.G. OPIN. NO. 90-023; A.G. OPIN. NO. 89-021; A.G. OPIN. NO. 88-088 AND A.G. OPIN. NO. 86-131. IN POINT OF FACT, IT WOULD BE MY VIEW THAT THE STATE GOVERNMENT OF THE STATE OF OKLAHOMA HAD NO DIRECT LEGAL INTEREST IN THE PROPERTY OWNED BY A LOCAL PUBLIC TRUST. SUCH TRUSTS ARE SET UP PRIMARILY FOR THE BENEFIT OF THE LOCAL GOVERNMENTAL ENTITY. MOST LOCAL TRUST INDENTURE, WHICH I HAVE EXAMINED IN THE PAST, CALL FOR THE RESIDUE OF ANY PROPERTY LEFT IN A TRUST UPON ITS TERMINATION TO GO TO ITS GOVERNMENTAL BENEFICIARY, AND NOT TO THE STATE GOVERNMENT OF THE STATE OF OKLAHOMA. THEREFORE, I DO NOT BELIEVE THAT THE STATE COULD MAKE A GRATUITOUS TRANSFER TO A LOCAL PUBLIC TRUST ON A THEORY THAT THE LOCAL TRUST IS ALSO AN AGENCY OF THE STATE.
UNDER OKLAHOMA LAW, WHEN TENANT OR OTHER PERSON OCCUPYING REAL PROPERTY, AFFIXES AN IMPROVEMENT TO THAT PROPERTY WITHOUT AN EXPRESS AGREEMENT PERMITTING THE PERSON TO REMOVE IT, THE THING AFFIXED BELONGS TO THE OWNER OF THE REAL PROPERTY UNLESS THE OWNER ACQUIESCES AND ALLOWS THE PERSON TO REMOVE IT. 60 O.S. 334 (1981). WITHOUT SUCH AN EXPRESS AGREEMENT IF A TENANT ERECT A BUILDING ON THE PROPERTY OF ANOTHER WITHOUT THE LAND OWNER'S PERMISSION, THE BUILDING ATTACHES TO THE PROPERTY AND OWNERSHIP IS TRANSFERRED TO THE LAND OWNER. DAVIS V. SPURRIER LUMBER CO., 15 P.2D 131 (OKLA. 1932).
HOWEVER, THIS LEGAL PRINCIPLE HAS BEEN HELD NOT TO APPLY TO A GOVERNMENTAL TENANT BECAUSE SUCH WOULD CONSTITUTE AN UNCONSTITUTIONAL GIFT TO A PRIVATE PERSON. DERIEA V. BOARD OF EDUCATION OF THE TOWN OF CARNEAIE, 216 P.2D 307 (OKLA. 1950). THE COURT FOUND THAT IT WOULD BE UNLAWFUL FOR A SCHOOL DISTRICT TO GRATUITOUSLY TRANSFER ASSETS TO THE PRIVATE PROPERTY OWNER AND THEREFORE THE GENERAL STATUTORY PRESUMPTION IN SECTION 334 WOULD NOT APPLY TO A GOVERNMENTAL ENTITY.
IT IS MY VIEW THAT THIS ENTIRE ISSUE COULD BE AVOIDED BY A SIMPLE AGREEMENT BETWEEN THE UNIVERSITY CENTER OF TULSA AND THE LOCAL TRUST AUTHORITY. THIS AGREEMENT COULD PROVIDE FOR ONE OF TWO POSSIBILITIES. THE AGREEMENT COULD SIMPLY STATE THAT ANY IMPROVEMENT PLACED UPON THE REAL PROPERTY OF THE LOCAL TRUST AUTHORITY BY UCT WOULD NOT BECOME A PART OF THE REALTY AND THE STATE WOULD NEVER RELINQUISH OWNERSHIP TO THE IMPROVEMENT AND COULD REMOVE IT AT ANY TIME. THE SECOND POSSIBILITY WOULD BE TO FIND A WAY THAT THE TRUST AUTHORITY WOULD EVENTUALLY ACQUIRE TITLE TO THE IMPROVEMENT BY GIVING SOME AMOUNT OF CONSIDERATION FOR THE BUILDING. THE CONTRACT COULD STATE THAT SOME REDUCTION IN RENT TO UCT OR SOME OTHER FORM OF CONSIDERATION COULD BE GIVEN BY THE LOCAL TRUST AUTHORITY IN EXCHANGE FOR THE IMPROVEMENT BEING TRANSFERRED TO THE LOCAL TRUST AUTHORITY AT A FUTURE DATE. OBVIOUSLY, THERE ARE OTHER STATE STATUTES GOVERNING THE TRANSFER OR SALE OF STATE PROPERTY WHICH WOULD HAVE TO BE CONSULTED BEFORE SUCH AN AGREEMENT WAS ENTERED INTO. HOWEVER, THERE IS NO QUESTION IN MY MIND THAT BY USING ONE OF THESE TWO TRANSACTIONS NO ISSUE OVER THE LEGALITY OF A GRATUITOUS TRANSFER WOULD ARISE.
(THOMAS L. SPENCER)